Derek A. Newman, State Bar No. 190467
*dn@newmanlaw.com*
Derek Linke, State Bar No. 302724
*linke@newmanlaw.com*
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Phone: (310) 359-8200
Facsimile: (310) 359-8190

Attorneys for Plaintiffs
Joseph Douglas Sills, Amanda Whitney,
Merlin Kauffman, and Joseph Gardner

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DOUGLAS SILLS, an individual, AMANDA WHITNEY, an individual, MERLIN KAUFFMAN, an individual, and JOSEPH GARDNER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NEXTCAR HOLDING COMPANY, INC., a Delaware corporation, dba AUTONOMY, and SCOTT PAINTER, an individual,<br><br>Defendants. | Case No. 2:22-CV-3675<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Joseph Douglas Sills, Amanda Whitney, Merlin Kauffman, and Joseph Gardner ("Plaintiffs"), by and through undersigned counsel, hereby bring this action against Defendants NextCar Holding Company, Inc., dba Autonomy ("NextCar") and Scott Painter (together with NextCar, "Defendants"), on personal knowledge as to Plaintiffs' own activities and on information and belief as to the activities of others, as follows:

## PARTIES

1. Plaintiff Joseph Douglas Sills is and at all times relevant was a resident of Santa Monica, California.

2. Plaintiff Amanda Whitney is and at all times relevant was a resident of Santa Monica, California.

3. Plaintiff Merlin Kauffman is and at all times relevant was a resident of San Juan, Puerto Rico.

4. Plaintiff Joseph Gardner is and at all times relevant was a resident of West Hollywood, California.

5. Defendant NextCar Holding Company, Inc. dba Autonomy is a Delaware corporation with its principal place of business in Santa Monica, California.

6. Defendant Scott Painter is NextCar's founder and CEO and at all times relevant was a resident of Los Angeles County, California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 in that the action arises under the laws of the United States, specifically, the federal securities laws cited herein.

8. This Court has pendent jurisdiction over the state law claims stated herein under 28 U.S.C. § 1367(b).

9. This Court has personal jurisdiction over Defendants because Defendants are citizens of the State of California.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this district.

11. Venue is also proper pursuant to 28 U.S.C. § 1391(c)(2) because this Court has personal jurisdiction over Defendants.

## FACTUAL ALLEGATIONS

12. Plaintiffs are investors who specialize in "seed money" investments of promising start-up companies. Part of the strategy of seed money investing is to invest early in the life cycle of promising companies, thereby obtaining the benefit of lower company valuations that can make permit an investor to purchase a significant portion of the company at a bargain price. Seed money investment is disincentivized to the extent that other investors are permitted to dilute the value of individual shares in the company shortly after seed money financing is obtained.

13. Defendant NextCar is an electric/zero emissions vehicle subscription company. It now operates under a recently acquired consumer brand, Autonomy.

14. NextCar has a subscription program leasing Tesla Model 3's. Consumers use the NextCar app to "subscribe" to a Tesla for three months initially, and month-to-month thereafter. The "start fee" charged by NextCar is $4,900, with a $490 monthly subscription fee.

15. The vehicle is bought from the dealer upon a customer's subscription and then is "liquidated" back to the dealer after the subscription ends.

16. NextCar was founded and is managed by its CEO, Defendant Painter, who previously founded TrueCar, an auto pricing and information distributor. Throughout the events described herein, Painter communicated directly with many investors, including Plaintiffs.

17. On or about June 22, 2020, NextCar issued a series of convertible promissory notes, whose "aggregate principal amount is targeted to be approximately $5,000,000, but in no event exceed $10,000,000 cumulatively"

("Notes"). These Notes, which constitute binding contractual agreements between NextCar and the signatories, were designed to secure "seed money" or "Next Equity Financing" for the company, with the intent that the investments would eventually be converted into common stock in the company.

18. These Notes constitute securities within the meaning of the federal and state statutes cited herein.

19. Each Plaintiff signed a Note, in the following amounts, respectively: Sills—$10,000; Whitney—$15,000; Kauffman—$100,000; and Gardner—$100,000.

20. Section 2(b) of the Note each Plaintiff signed states:

> ….to the extent the Company's Next Equity Financing yields less than $10,000,000 (including conversion of the Notes) (the "Maximum Cap Proceeds") in a single transaction or series of related transactions, the Note Conversion Price shall not be greater than the quotient obtained by dividing (x) twenty million dollars ($20,000,000) by (y) the sum of (1) the total number of shares of Common Stock then outstanding (assuming full conversion and exercise of all convertible or exercisable securities other than the Notes and any other securities convertible into the same financing as the Notes) and (2) shares of Common Stock issuable to employees, consultants or directors pursuant to a stock option plan, restricted stock plan, or other stock plan approved by the Company's Board of Directors (the "Conversion Cap"). For the avoidance of doubt, to the extent such financing exceeds the Maximum Cap Proceeds, (A) the Conversion Cap shall not be applicable, but (B) the Discount, as calculated in accordance with the Note Conversion Price calculation, shall be applicable. …
>
> Notwithstanding the foregoing, in connection with the conversion of this Note in accordance with the Conversion Cap or Discount calculation, the Next Equity Securities issued to the Holder upon conversion of this Note shall have the identical rights, privileges, preferences, and restrictions as the equity securities issued at the Investors' Price, other than with respect to: (1) the per share liquidation preference and the initial conversion price for purposes

price-based anti-dilution protection, which will equal the Note Conversion Price; and (2) the basis for any dividend rights, which will be based on the Note Conversion Price.

21. Under this provision, the Next Equity Financing note holders such as Plaintiffs have a contractual right to the Note Conversion Price based on the division of the $20 million valuation of the company by the number of outstanding shares, regardless of the valuation of the company in any later financing rounds.

22. Each Plaintiff invested in NextCar under the specific assurance, including express written representations by Painter, that outside financing for the company would be capped at $10 million based on a $20 million valuation. Accepting funding that exceeded that cap would dilute the value of the Next Equity Financing investments made by seed money funders such as Plaintiffs. Each Plaintiff made their respective investment in reliance on the company's and Painter's representations that outside funding would be capped at that amount, in order to avoid dilution of their seed money investments.

23. The Next Equity Financing funds were confirmed received on July 2, 2020. After Plaintiffs had committed and wired funds, NextCar's attorneys stated in emails to Plaintiffs that the capital raise was "oversubscribed" (meaning that there were more interested investors than could be accommodated under the $20 million cap), but the company was in conversation with firms that did not receive allocations that might lead to a priced round of conversion funding in the future.

24. On July 2, 2020, emails to Plaintiffs, NextCar's attorney (who was handling the financing process and who accepted the funds on NextCar's behalf) stated that "we are targeting a combined total of 10m of equity for this financing." That email expressly represented that NextCar would not raise more than $4 million based on the $20 million valuation.

25. On information and belief, this was a knowing misrepresentation, as the company planned to seek financing in an amount far exceeding $10 million, which would have the effect of diluting the value of each Plaintiff's shares in the company.

26. Despite the statements of NextCar's attorneys that any additional round of financing would be limited to $10 million, on or about July 26, 2021, Plaintiffs became aware of a new financing raise of approximately $35 million (capped at $300 million) with a potential additional $5 million in a final closing. The announcement stated a pre-funding valuation for the company of $84.1 million and a post-funding valuation of $126.3 million. The funds invested in this new round of financing would also be converted into common stock in the company.

27. When they learned of this new round of funding, Plaintiffs were disturbed because they had been assured by NextCar's attorneys in July that any new financing round would not exceed $10 million.

28. On or about December 14, 2021, Sills emailed NextCar's attorney to ask, "What happened to the $20M cap for NextCar?" The attorney responded that the company "got the approval of 85% in interest of the noteholders to the transaction on those terms," but did not respond substantively to the fact that the company had previously stated that equity financing in the subsequent round would be capped at "a combined total of 10m of equity."

29. Shortly after this email, Painter met with various seed money investors including several of the Plaintiffs, in addition to William Woodward at Anthem Venture Partners' Santa Monica office on a separate occasion. At that meeting, Painter assured Woodward and Sills that the initial set of Next Equity Financing funders could already expect a significant unrealized increase of more than three times the value of their initial investment.

30. Despite this limited revenue in 2021—far below what the company had projected for that year—in March 2022, Plaintiffs became aware that NextCar had

announced another round of what it described as "seed+" financing, at $30 million with a $300 million cap.

31. Despite these statements to prospective funders, on or about May 21, 2021, Painter emailed prior investors, including Plaintiffs, to state that the new valuation of the company was $200 million.

32. The Plaintiffs' respective Next Equity Financing investments have been converted into common stock in the company. The conversion occurred at a rate that diluted the expected value of Plaintiffs' respective shares.

33. In sum, Plaintiffs each invested in NextCar's first funding round which was capped at a $20 million valuation. NextCar went on to declare a seed round raise of $35 million at an $85 million pre-money valuation. Assuming reasonable dilution, Plaintiffs' positions should have been worth at least four times their initial investments. And based on NextCar's subsequent financing round with a $300 million valuation cap, even accounting for reasonable dilution Plaintiffs' positions should be worth approximately nine times their initial investments, or over $2,000,000 in the aggregate.

34. Plaintiffs are aware of or in contact with other NextCar investors who, on information and belief, appear to have been harmed in a similar manner as Plaintiffs and may be interested in joining this action.

**FIRST CAUSE OF ACTION**
**Violation of Securities Exchange Act**
**Section 10(B) [15 U.S.C. § 78j(b)] and Securities Rule 10b-5**
**(By All Plaintiffs Against Defendant NextCar)**

35. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

36. Defendant NextCar made the alleged material misrepresentations or omissions as alleged herein.

37. The misrepresentations and omissions were also made purposefully by Defendant NextCar as part of a scheme to mislead and defraud investors into believing that the operations, revenues, and potential for dynamic future growth of Defendant NextCar were far more substantial than they actually were.

38. Each statement was made with scienter, either knowingly or with reckless disregard for the true facts, in connection with the purchase or sale of securities by Plaintiffs.

39. Plaintiffs actually and reasonably relied on such misrepresentations and omissions by purchasing, exchanging, and converting securities, as alleged above, without knowing the true facts. Each Plaintiff's losses were directly and proximately caused by reliance on such misrepresentations and omissions.

40. Each Plaintiff seeks and is entitled to recover its losses, according to proof at trial, plus interest and punitive and exemplary damages.

## SECOND CAUSE OF ACTION
### Violation of Securities Exchange Act
### Section 12(2) [15 U.S.C. § 77l(a)(2)]
### (By All Plaintiffs Against Defendant NextCar)

41. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

42. Defendant NextCar was the seller to each Plaintiff of the securities alleged in this Complaint.

43. Defendant NextCar used interstate commerce or the mails to offer to sell or to sell such securities to Plaintiffs, and such communications contained misrepresentations and omissions, the falsity of which Plaintiffs were unaware.

44. Defendant NextCar knew, or in the exercise of reasonable care should have known, that such statements were not true when made and of such omitted material facts necessary to make such statements not misleading.

45. Wherefore, each Plaintiff is entitled to recover its investment, plus interest and such other relief as may be permitted at law or in equity, including, without limitation, rescission.

### THIRD CAUSE OF ACTION
### Violation of California Corporations Code § 25401
### (By All Plaintiffs Against Defendants NextCar and Painter)

46. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

47. Defendants violated California Corporations Code section 25401 through the conduct alleged herein.

48. Defendants sold the securities described herein, through agents including Defendant NextCar's founder and CEO, Defendant Painter, and its attorneys, in person, through the use of telephone, the Internet, and the United States mail.

49. Defendants used public filings, contracts, and oral communications, as alleged above, all of which included untrue statements of material facts and omitted to state material facts necessary to make the statements made, in light of the circumstances under which the statements were made, not misleading, including the misrepresentations and omissions alleged above.

50. As a result of the foregoing, each Plaintiff is entitled to an award against Defendants for damages prescribed by California Corporations Code section 25501, including, without limitation, rescission plus interest from the date of the sale of securities for the benefit of Defendants until repaid in full.

### FOURTH CAUSE OF ACTION
### Fraud and Deceit
### (By All Plaintiffs Against Defendants NextCar and Painter)

51. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

52. Plaintiffs allege that Defendants made material misrepresentations or omissions alleged above, with scienter, knowing the true facts, in connection with the purchase or sale of a security to each Plaintiff, as alleged herein.

53. Each Plaintiff actually and reasonably relied on, without knowing the true facts, directly and proximately causing Plaintiff's losses when relying on such misrepresentations and omissions in deciding to purchase securities offered or sold by Defendants.

54. Each Plaintiff seeks and is entitled to recover its losses, according to proof at trial, plus interest and punitive and exemplary damages.

### FIFTH CAUSE OF ACTION
### Breach of Fiduciary Duty
### (By All Plaintiffs Against Defendant NextCar)

55. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

56. Upon the exercise of their conversion rights, Defendant NextCar owed fiduciary duties of care and loyalty to each Plaintiff as shareholders of Defendant NextCar.

57. Defendant NextCar breached its fiduciary duties of care and loyalty to Plaintiffs by the conduct alleged herein.

58. Defendant NextCar knowingly perpetrated and participated in such breach of fiduciary duties, and did so to serve its own interests and the interests of its directors and officers.

59. Such breaches of fiduciary duties directly and proximately caused each Plaintiff to suffer actual damages.

60. Plaintiffs each pray for an award of compensatory damages and for an award of punitive damages, according to proof at trial.

## SIXTH CAUSE OF ACTION
### Breach of Contract
**(By All Plaintiffs Against Defendant NextCar)**

61. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

62. Pursuant to the terms of the Note signed by each Plaintiff, Defendant NextCar was obligated to honor the terms of the Next Equity Conversion provision, Section 2(b).

63. Defendant NextCar breached its obligations under the Notes to honor the Next Equity Conversion provision by failing to carry out the conversion in accord with the terms of that agreement.

64. Each Plaintiff performed all material obligations under their respective Notes.

65. As a direct and proximate result of Defendant NextCar's breach of its contract with Plaintiffs, each Plaintiff suffered damages in the amount to be proven at trial.

66. Each Plaintiff is entitled to recover its losses from Defendant NextCar resulting from Defendant NextCar's breach of contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court grant the following relief against Defendants NextCar Holding Company, Inc., dba Autonomy, and Scott Painter:

1. Entering judgment for Plaintiffs on each of their causes of action;
2. Awarding actual and other damages as permitted by law, and/or ordering an accounting by Defendants for any and all profits derived by Defendants from the illegal, unlawful, unfair, and/or fraudulent conduct and/or business practices alleged herein;
3. Ordering an awarding of injunctive relief as permitted by law or equity,

including enjoining Defendants from continuing the unlawful practices as set forth herein;

4. Ordering Defendants to pay attorneys' fees and litigation costs to Plaintiffs pursuant to California Code of Civil Procedure Section 1021.5 and any other relevant provision of law;

5. Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

6. Such other relief as the Court may deem just and proper under the circumstances.

Dated: May 27, 2022

Respectfully submitted,

NEWMAN DU WORS LLP

/s/Derek Linke
Derek A. Newman, Bar No. 190467
Derek Linke, Bar No. 302724

Attorneys for Plaintiffs
Joseph Douglas Sills, Amanda Whitney, Merlin Kauffman, and Joseph Gardner

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Joseph Douglas Sills, Amanda Whitney, Merlin Kauffman, and Joseph Gardner demand a trial by jury of all issues presented in this complaint which are so triable.

Dated: May 27, 2022

Respectfully submitted

NEWMAN DU WORS LLP

/s/Derek Linke
Derek A. Newman, Bar No. 190467
Derek Linke, Bar No. 302724

Attorneys for Plaintiffs
Joseph Douglas Sills, Amanda Whitney, Merlin Kauffman, and Joseph Gardner